UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


William M. Cruz

   v.                                    Civil No. 13-cv-068-SM

State of New Hampshire


### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 2254, William M. Cruz has filed a petition for a writ of habeas corpus (doc. no. 1) an amended petition for a writ of habeas corpus (doc. no. 5), and a motion to amend the petition for a writ of habeas corpus (doc. no. 6),[1] alleging that his state court criminal conviction and sentence violate his federal constitutional rights. The matter is before the court for preliminary review, to determine whether the petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules"); LR 4.3(d)(2).

---

[1] In a separately issued order, the motion to amend (doc. no. 6) will be granted. The factual assertions and legal arguments in the petition (doc. no. 1), the amended petition (doc. no. 5), and the motion to amend) will be considered as part of the petition in this matter for all purposes.

## § 2254 Rule 4 Standard

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id. In undertaking this review, the court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action. See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)). The court undertakes this preliminary review of the petition with due consideration for the petitioner's pro se status. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008 ("As a general rule, . . . we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects.").

**Background**

On January 12, 2007, Cruz was convicted of several felony drug offenses in the New Hampshire Superior Court at Rockingham County. On March 15, 2007, Cruz was sentenced to serve eighteen years to life in prison.

Prior to trial, Cruz asked the trial court (McHugh, J.) to order the prosecutor to personally examine the personnel files of each law enforcement witness that the state intended to call at trial. Judge McHugh denied the request. After he was convicted, Cruz filed a direct appeal in the New Hampshire Supreme Court ("NHSC") challenging that pretrial ruling. On May 7, 2007, shortly after Cruz filed his direct appeal, the prosecutor filed a motion advising the court that, after Cruz's trial, the prosecutor was notified by the Salem Police Department ("SPD") that one of the police witnesses who testified on behalf of the state in Cruz's case, SPD Detective Mark Sambataro, was the subject of an internal investigation that began after Cruz's trial, but that concerned events that occurred prior to Cruz's trial.

The prosecutor reported to the court that the issue had been presented to the presiding judge in Cruz's codefendant's case (Nadeau, J.), which had not yet gone to trial, that Judge

3

Nadeau had reviewed Sambataro's personnel file in camera, and that she determined that there was exculpatory information therein that would have to be disclosed to the codefendant's lawyer if the state called Sambataro as a witness in the codefendant's trial. Sambataro did not testify in the codefendant's trial, which ended in a conviction.

In Cruz's case, the prosecutor asked Judge McHugh to review the personnel file in camera to determine whether any of its contents should be turned over to Cruz's attorney. When the court did not issue a decision for several months, Cruz filed a motion for a new trial, asserting that he had been denied exculpatory evidence. The trial court denied the motion for a new trial, ruling that because the evidence of Cruz's guilt was overwhelming, the introduction of the information in Sambataro's file would not have changed the verdict. In its order, the trial court neither described nor disclosed the contents of the personnel file to the defense. Based on the record presently before the court, it does not appear that the contents of the personnel file have ever been disclosed to Cruz or any of his attorneys.

The NHSC consolidated Cruz's direct appeal with his discretionary appeal of the denial of his motion for a new

trial. The NHSC denied relief in the consolidated appeal in an order issued June 11, 2008.[2] See State v. Cruz, No. 2007-0320 (N.H. June 11, 2008) (order affirming both Cruz's conviction and the denial of his new trial motion). Cruz then filed the instant petition for federal habeas relief (doc. nos. 1, 5 and 6), asserting that his conviction and sentence violate the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

**Discussion**

I.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year limitations period for state prisoners to file federal habeas petitions. See 28 U.S.C. § 2244(d)(1); see McQuiggin v. Perkins, 133 S. Ct. 1924, 1929 (2013); Herbert v. Dickhaut, 695 F.3d 105, 108 (1st Cir. 2012), cert. denied, No. 12-9565, 2013 WL 2371580 (June 3, 2013). AEDPA's one-year time limit runs from the time that the state court judgment of conviction became final by the conclusion of direct review, or by the expiration of the time for seeking direct review. 28

---

[2] Cruz filed other motions for a new trial that are not at issue in this action. Because the filing of those motions does not impact my recommendation in this matter, they are not addressed.

U.S.C. § 2244(d)(1)(A); see McQuiggin, 133 S. Ct. at 1929; Herbert, 695 F.3d at 108.

Certain statutory exceptions to the statute of limitations exist where the untimely filing was caused by state-impeded relief, new constitutional rights created by the Supreme Court, or newly discovered facts underpinning the claim. See 28 U.S.C. § 2244(d)(1)(B)-(D); Gonzalez v. Thaler, 132 S. Ct. 641, 653 (2012) (citing § 2244(d)(1)); David v. Hall, 318 F.3d 343, 344 (1st Cir. 2003). Further, AEDPA excludes from the one-year limitations period the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see also Wood v. Milyard, 132 S. Ct. 1826, 1831 (2012); Drew v. MacEachern, 620 F.3d 16, 20 (1st Cir. 2010). Although the limitations period is stopped during the pendency of properly filed post-conviction state court litigation, it is not reset or restarted by post-conviction litigation initiated after the AEDPA limitations period has expired. See Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007) (post-conviction state court litigation filed after AEDPA's limitations period expires does not stop or reset

clock). Cruz concedes that the statute of limitations in his case has expired,[3] and nothing in the record indicates otherwise.

## II.  Equitable Tolling

Cruz seeks to toll the expired statute of limitations in this matter on the basis that he was unaware that he had a means to seek review of the denial of his direct appeal in state court until early 2013, when another inmate told him about federal habeas review.  Cruz argues that as soon as he became aware that a final state conviction could be challenged in a habeas action in this court, he immediately took steps to prepare and file this petition, despite the expiration of the limitations period.

The statute of limitations for filing a habeas action "'is subject to equitable tolling in appropriate cases.'"  Drew, 620 F.3d at 23 (quoting Holland v. Florida, 130 S. Ct. 2549, 2560 (2010)).  A petitioner is entitled to equitable tolling only if he demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  Holmes v. Spencer, 685 F.3d 51, 62 (1st Cir. 2012) (quoting Holland, 130 S. Ct. at

---

[3] Cruz asserts that the statute of limitations in his case expired on or around June 2009.  In fact, his statute of limitations expired on or around September 9, 2009.  The distinction is immaterial to this court's recommendation in this matter.

2562 (internal punctuation and quotation marks omitted)).  In a pre-Holland case, the First Circuit, assuming that equitable tolling was available in a habeas action, held that "[i]gnorance of the law alone, even for incarcerated pro se prisoners, does not excuse an untimely filing."  Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002).

   Cruz asserts that after his direct appeal was denied, he received a letter from his appellate attorney that stated: "the [NHSC] . . . has affirmed your conviction.  Unfortunately, this means that your conviction and sentence remain in effect and you will continue to serve the sentence imposed."  Cruz thought, after reading the letter, that he had no further appeals available to him.  Cruz has not alleged that he made any further inquiry of his attorney or that he made any attempt to find out whether there might be any relief available to him after the NHSC denied his appeal. While it appears that, upon discovering the existence of federal habeas review, Cruz diligently pursued this matter, Cruz's interpretation of his attorney's letter, which neither mentioned nor denied the availability of federal habeas relief, together with Cruz's ignorance of the availability of federal habeas review, does not constitute extraordinary circumstances sufficient to warrant equitable

tolling of the statute of limitations in this matter. See Holmes, 685 F.3d at 62 (equitable tolling "is limited to rare and exceptional cases; equitable tolling is the exception rather than the rule") (internal quotation marks and citation omitted). Accordingly, the court should not apply equitable tolling to extend the statute of limitations in this case.

III. Actual Innocence

    Here, Cruz asserts several times in his complaint that he is innocent of the offense of which he was convicted. Cruz, in this petition, attempts to demonstrate his innocence by pointing to inconsistent statements made during the testimony of the state's witnesses, disparities between evidence and testimony, false testimony, evidence tampering, and the failure to follow proper procedures by law enforcement officers involved in his case.

    A petitioner who makes a "tenable claim" that he or she is actually innocent of the offense of which they are convicted may be excepted from compliance with the one-year statute of limitations set forth in § 2244(d)(1). See McQuiggin, 133 S. Ct. at 1931. The exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner'" in

light of that new evidence. Id. at 1933 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Where the exception applies, an "actual-innocence gateway" would allow a habeas petitioner whose statute of limitations had expired to present constitutional infirmities in his conviction and sentence in a federal habeas action. See McQuiggin, 133 S. Ct. at 1936. "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Id. (quoting Schlup, 513 U.S. at 316). Cruz's right to pursue this action is available, if at all, via his "actual innocence" claim which, if "tenable," would create an exception to the statute of limitations.

    Cruz presents no "newly discovered evidence" in support of his innocence claim. Sambataro's personnel file information that Cruz alleges he was denied is not "newly discovered evidence" tending to show that he is innocent. The personnel file contained impeachment evidence concerning an apparently unrelated episode involving one of the several law enforcement witnesses who testified against Cruz. See Munchinski v. Wilson, 694 F.3d 308, 338 (3d Cir. 2012) (impeachment evidence generally not sufficient to satisfy an actual innocence claim based on

newly discovered evidence (citing Schlup, 513 U.S. at 324)). Cruz has not discovered any new evidence that bears on the credibility of the four Special Agents of the United States Drug Enforcement Agency ("DEA") who participated in the investigation and arrest in Cruz's case, and testified against Cruz at trial. The DEA agents' testimony was sufficient to show that Cruz admitted the offense during post-arrest questioning, and that Cruz had made recorded phone calls planning the charged offense. That DEA agents' testimony alone demonstrated Cruz's guilt in a manner that allows the court to have "'confidence in the outcome of the trial.'" McQuiggin, 133 S. Ct. at 1936 (quoting Schlup, 513 U.S. at 316). The court finds that Cruz has failed to make a tenable showing of actual innocence, and his petition thus cannot be excepted from the one-year statute of limitations contained in § 2244(d)(1).

## Conclusion

For the foregoing reasons, the court finds as follows: (1) Cruz filed his habeas petition beyond the expiration of the statute of limitations, 28 U.S.C. § 2244(d)(1); (2) the limitations period should not be equitably tolled; and (3) the statute of limitations should not be excused based on Cruz's

claim of actual innocence.  The court accordingly recommends the petition be dismissed as untimely filed.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

July 17, 2013

cc: William M. Cruz, pro se

LBM:jba